T.C. Summary Opinion 2001-54

UNITED STATES TAX COURT

ROBERT J. AND DORIS L. PEAT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5846-99S.                    Filed April 13, 2001.

Robert J. and Doris L. Peat, pro se.

Bradford A. Johnson, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $465 in petitioners' 1996 Federal income tax. After concessions,[2] the sole issue is whether petitioners must include in their 1996 gross income Social Security payments of $2,711. Petitioners resided in Waterford, New York, at the time the petition was filed.

The relevant facts may be summarized as follows. During 1996, petitioners were married and lived together. Petitioners filed a joint return for the 1996 taxable year. Petitioners received Social Security benefits of $10,483; they, however, did not include in income any portion of the benefits received on their 1996 Federal income tax return. For the 1996 taxable year petitioners' modified adjusted gross income was $32,179. Respondent determined that $2,711 of petitioners' Social Security benefits are includable in gross income.

Section 86 governs the taxability of Social Security benefits. That section provides in relevant part:

> SEC. 86(a). In General.--
>
>     (1) In general.-- * * * gross income for the taxable year of any taxpayer described in subsection (b) * * * includes social security benefits in an amount equal to the lesser of--
>
>         (A) one-half of the social security benefits received during the taxable year, or
>
>         (B) one-half of the excess described in subsection (b)(1).

---

[2] Respondent concedes his original assertion that petitioners understated their 1996 interest income by $476.

\*       \*       \*       \*       \*       \*       \*

(b) Taxpayers to Whom Subsection (a) Applies.--

(1) In general.--A taxpayer is described in this subsection if--

(A) the sum of--

(i) the modified adjusted gross income of the taxpayer for the taxable year, plus

(ii) one-half of the social security benefits received during the taxable year, exceeds

(B) the base amount.

(2) Modified adjusted gross income.--For purposes of this subsection, the term "modified adjusted gross income" means adjusted gross income--

(A) determined without regard to this section and sections 135, 137, 221, 911, 931, and 933, and

(B) increased by the amount of interest received or accrued by the taxpayer during the taxable year which is exempt from tax.

(c) Base Amount and Adjusted Base Amount.--For purposes of this section--

(1) Base amount.--The term "base amount" means--

(A) except as otherwise provided in this paragraph, $25,000,

(B) $32,000 in the case of a joint return, and

(C) zero in the case of a taxpayer who--

(i) is married as of the close of the taxable year \* \* \* but does not file a joint return for such year, and

(ii) does not live apart from his spouse
at all times during the taxable year.

Petitioners do not contend that under the literal language of section 86 respondent's determination is incorrect. Instead, petitioners argue that section 86 is inequitable in that it treats persons not married and living together or persons married and living apart with preference to those individuals who are married and living together. Petitioners argue that they should be entitled to double the section 86 base amount of $25,000 for single individuals as opposed to the $32,000 base amount for married couples filing jointly.

As we noted in Everage v. Commissioner, T.C. Memo. 1997-373,

Petitioner's chagrin and frustration may be understandable. Nonetheless, we must apply the statutes as Congress wrote them and we do not have the power to rewrite section 86 to avoid this anomaly. See Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984).

The taxpayers in Roberts v. Commissioner, T.C. Memo. 1998-172, also questioned the fairness of section 86. In Roberts, we noted that

this is not the proper forum to question the policy considerations that impelled the enactment of this legislation. * * * The legislative history of section 86, as enacted in 1983, demonstrates that Congress had a valid and rational basis for the distinctions made in the statute[.]

*       *       *       *       *       *       *

We recognize that "'No scheme of taxation, whether the tax is imposed on property, income, or purchases of goods and services, has yet been devised which is free of all discriminatory impact.'" Druker v. Commissioner, 77 T.C.

867, 872 (1981) (quoting <u>San Antonio Indep. Sch. Dist. v.</u> <u>Rodriquez</u>, 411 U.S. 1, 41 (1973)), affd. in part on this issue and revd. in part on another issue 697 F.2d 46 (2d Cir. 1982).

In light of the foregoing we sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.